IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AKMATBEK KARIMOV,                    )<br>                                                          )<br>            Petitioner,                         )            No. 26 C 1154<br>                                                          )<br>            v.                                         )            Judge Robert W. Gettleman<br>                                                          )<br>SAMUEL OLSON, Field Office Director; )<br>Immigration and Customs Enforcement; )<br>TODD M. LYONS, Acting Director,     )<br>Immigration and Customs Enforcement )<br>KRISTI NOEM, Secretary, U.S. Department of )<br>Homeland Security; PAMELA BONDI,   )<br>U.S. Attorney General.                         )<br>                                                          )<br>            Respondents.                     )   | |

**ORDER**

Petitioner Akmatbek Karimov has filed a 28 U.S.C. § 2241 habeas corpus petition challenging his present detention in ICE custody. Respondents are ordered to respond to the habeas corpus petition by February 13, 2026. Petitioner shall reply by February 20, 2026. The Court notes that habeas corpus relief has been recently granted for immigration detainees by other Judges of the Northern District of Illinois in <u>Ochoa Ochoa v. Noem</u>, No. 25 C 10865, 2025 WL 2938779 (N.D. Ill. Oct. 16, 2025) (Jenkins, J.), <u>H.G.V.U. v. Smith</u>, No. 25 C 10931, 2025 WL 2962610 (N.D. Ill. Oct. 20, 2020) (Coleman, J.), <u>Mariano Miguel v. Noem</u>, No. 25 C 11137, 2025 WL 2976480 (N.D. Ill. Oct. 21, 2025) (Alonso, J.), and <u>G.Z.T. v. Smith</u>, No. 25 C 12802 (N.D. Ill. Oct. 21, 2025) (Ellis, J.). The Court shall leave it to the parties to consider the relevance of these recent decisions, if any, to the instant case.

In addition, Respondents shall make a preliminary filing by February 6, 2026, stating: (1)

whether Petitioner was located in the Northern District of Illinois at the time this case was filed; (2) the current status of Petitioner's immigration proceedings; (3) Petitioner's current location and proper Respondent based on that location; and (4) the government's view as to whether the recent decision in Castañon Nava v. DHS, No. 18 C 3757, 2025 WL 2842146 (N.D. Ill. October 7, 2025) (addressing a consent decree) has any effect on Petitioner's habeas corpus case.

Pursuant to the Court's authority under the All Writs Act, 28 U.S.C. § 1651, the Government is ordered not to remove Petitioner from the jurisdiction of the United States and not to transfer him to any federal judicial district other than those in the States of Illinois, Indiana, or Wisconsin. A.A.R.P. v. Trump, 605 U.S. 91, 97 (2025) (per curiam) (citing 28 U.S.C. § 1651(a)) ("[T]he Government represented on the record in federal court that it reserved the right to remove detainees after midnight. We had the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve our jurisdiction over the matter."); United States v. United Mine Workers of Am., 330 U.S. 258, 293 (1947) ("The District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."). If the Petitioner is already, as of the posting of this order, located outside of Illinois, Indiana, or Wisconsin but within the United States, or is in the midst of transportation outside of those States to another State, then this bar on transfer does not require the immediate return of the Petitioner as long as Respondents intend to hold Petitioner within the United States. Instead, the parties and the Court will address the issue after the Respondents make the preliminary filing.

The Clerk shall email a copy of this order to Tom Walsh, Chief of the Civil Division, United States Attorney's Office, Northern District of Illinois, Craig Oswald, AUSA, United States Attorney's Office, Northern District of Illinois, and Joshua Press, AUSA, United States

Attorney's Office, Northern District of Illinois. This case is set for an in-person status hearing on February 10, 2026, in Courtroom 1703 at 9:45 a.m.

        **ENTER:**

        **Robert W. Gettleman**
        **United States District Judge**

**DATE: February 4, 2026**