IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AKMATBEK KARIMOV | ) | |
| | ) | |
| Petitioner, | ) | Case No. 26 C 1154 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| SAM OLSON, Director, ICE Chicago Field Office; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the Department of Homeland Security; PAM BONDI, Attorney General of the United States, *in their official capacities*, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Akmatbek Karimov ("Karimov") has filed a 28 U.S.C. § 2241 habeas corpus petition challenging his present detention in Immigration and Customs Enforcement ("ICE") custody. For the following reasons, the court grants Karimov's petition. Respondents are ordered to provide Karimov with a bond hearing pursuant to the process outlined in 8 U.S.C. §1226(a) within five calendar days of the issuance of this order. If the bond hearing is not held by February 22, 2026, the court orders Karimov to be released.

**BACKGROUND**

Petitioner Akmatbek Karimov is native and citizen of Kyrgyzstan. Petitioner presented himself for inspection at the port of entry in Brownsville, Texas on May 16, 2023, in accordance with a scheduled appointment made through the CBP One app. Petitioner was then paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A) with a Form I-94 that authorized his stay

1

through May 14, 2024. On January 31, 2024, petitioner timely filed an application for asylum and was granted employment authorization. Since receiving that authorization, petitioner has worked as a mechanic, paid taxes, and maintained a fixed residence in Aurora, Illinois.

Petitioner received a Notice to Appear for a Master Calendar Hearing on January 22, 2025. The immigration court, after some motion practice, ultimately scheduled petitioner's individual hearing for July 13, 2027. Later, the ICE Chicago Field Office issued petitioner an order to check-in at the ICE Broadview facility on February 2, 2026. At that check-in, ICE detained him. Petitioner has remained in custody since. After his initial detention at Broadview, petitioner was moved to Clay County Detention Center, 611 East Jackson Street, Brazil, Indiana, 47834. Respondents represent that petitioner will remain in Clay County. Respondents also advised the court that Brandon Crowley is the Jail Commander for the Clay County Detention Center.

At the status hearing conducted on February 10, 2026, respondents advised the court that petitioner had a hearing scheduled for February 12, 2026. Respondents did not know of the nature of that hearing, but did not represent that it was a bond hearing pursuant to 8 U.S.C. § 1226(a). There is no indication that petitioner has had a bond hearing pursuant to 8 U.S.C. § 1226(a), and there is no indication that such a bond hearing will be forthcoming.

## DISCUSSION

Because petitioner was in custody in Illinois when he filed his petition, the court may properly hear the petition regardless of his subsequent transfer to Indiana. Ex parte Endo, 323 U.S. 283, 307 (1944); see also Trump v. J.G.G., 604 U.S. 670, 672 (2025); In re Hall, 988 F.3d 376, 378-79 (7th Cir. 2021).

Respondents make the same jurisdictional arguments here that they have made in numerous courts across the country—including in this district. A vast majority of those courts concluded that they had jurisdiction over petitions challenging denial of petitioners' right to seek bond. See, e.g., Miguel v. Noem et al, No. 25-cv-11137 (N.D. Ill. Oct. 21, 2025); Ochoa Ochoa v. Noem, No. 25-cv-10865, 2025 WL 2938779 at *2 (N.D. Ill. Oct. 16, 2025); Alejandro v. Olson, No. 25-cv-02027, 2025 WL 2896348, at *3 (S.D. Ind. Oct. 11, 2025). This court joined that majority in its decision in Flores v. Olson, No. 25-cv-12916 (N.D. Ill. Nov. 3, 2025). For the same reasons as the court articulated in its opinion in that case, the court finds that 8 U.S.C. §§ 1252(a)(2)(B)(ii), 1252(b)(9), and 1252(g) do not strip district courts of jurisdiction over habeas petitions for detention hearings. Additionally, like in Flores, the court finds that requiring Karimov to exhaust his remedies would be futile.

Absent extenuating circumstances, the only proper respondent in a habeas case is the detainee's immediate custodian. See Trump 604 U.S. at 672; Rumsfeld v. Padilla, 542 U.S. 426 at 442 (2004); see generally Reimnitz v. State's Att'y of Cook Cnty., 761 F.2d 405, 409 (7th Cir. 1985) (explaining that in some circumstances "the important thing is not the quest for a mythical custodian, but that the petitioner name as respondent someone (or some institution) who has both an interest in opposing the petition if it lacks merit, and the power to give the petitioner what he seeks if the petition has merit—namely, his unconditional freedom"). Karimov is currently in custody at the Clay County Detention Center in Brazil, Indiana. Because Brandon Crowley is the Jail Commander for the Clay County Detention Center, he is the proper respondent. Thus, Brandon Crowley will be substituted for the rest of the listed respondents under Fed. R. Civ. P. 25(d).

Respondents advance the same statutory interpretation arguments that have already been rejected by this court in <u>Flores</u> and its sister courts in numerous other cases. See, e.g., <u>Ochoa Ochoa</u>, 2025 WL 2938779 at *4-5; <u>H.G.V.U. v. Smith</u>, No. 25-cv-10931, 2025 WL 2962610, at *4-5 (N.D. Ill. Oct. 20, 2025). Again, the court, in agreement with the majority of its sister courts, finds that the mandatory detention provision within the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1225(b)(2)(A), does not apply to noncitizens who are inadmissible under the INA but are already present in the country (such as Karimov). The fact that Karimov was paroled into the country does not change this analysis. The court rejects the Board of Immigration Appeals' interpretation of the INA in <u>Yajure Hurtado</u> as incorrect as a matter of law, noting that it is neither binding on nor persuasive to this court.

Finally, as in <u>Flores</u> and the countless other similar cases, this court finds that the denial of bond based on <u>Yajure Hurtado</u> violates procedural due process. This court's discussion of Due Process in <u>Flores</u> applies with equal weight to Karimov.

## **CONCLUSION**

For the above reasons, the court grants Karimov's petition. Respondents are ordered to provide Karimov with a bond hearing pursuant to the process outlined in 8 U.S.C. §1226(a) within five calendar days of the issuance of this order. If the bond hearing is not held by February 22, 2026, the court orders Karimov to be released. The parties are directed to file a status report by February 24, 2026, updating the court on whether the ordered bond hearing was held and the status of his continued detention or release from custody. The Clerk is directed to substitute "Brandon Crowley, Jail Commander for the Clay County Detention Center" for

respondents. This matter is set for what the court hopes to be a final, in-person status hearing on February 25, 2026, at 11:00 a.m.

**ENTER:**

_Robert W. Gettleman_

**Robert W. Gettleman
United States District Judge**

**DATE: February 17, 2026**